UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ARENZA DOUGLAS HUBBARD,

        Petitioner,               Case No. 1:18-cv-423

v.                                      Honorable Janet T. Neff

GREG SKIPPER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Arenza Douglas Hubbard is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Michigan. In 2008, Petitioner pled no contest in Calhoun County Circuit Court to second-degree murder, Mich. Comp. Laws § 750.317. On June 13, 2008, the court sentenced Petitioner as a habitual offender to a prison term of 50 to 75 years.

Petitioner claims that he was initially charged with murder, but the state offered to let him to plead to second-degree murder without being sentenced as a fourth habitual offender. Petitioner's trial counsel allegedly told Petitioner that if Petitioner accepted the offer, he would face a sentence of 20 to 40 years. But if Petitioner did not accept the offer, he risked being convicted of murder and sentenced to life in prison due to the fourth-habitual offender enhancement. Counsel allegedly told Petitioner's family that if Petitioner accepted the plea, he would receive a maximum sentence of 20 years, and could be released within 15 years. After the court issued its 50-to-75 year sentence, Petitioner asked to withdraw his plea. The court denied his request. Petitioner subsequently appealed his conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner asserts that he raised the issue of ineffective assistance of counsel and the involuntary nature of his plea. Those courts denied leave to appeal on March 4, 2009, and August 6, 2009, respectively.

Before the Michigan Supreme Court issued its opinion, Petitioner filed a motion for relief from judgment in state court. The trial court dismissed the motion as premature. (Hubbard Aff., ECF No. 3-1, PageID.75.) On December 11, 2011, Petitioner re-filed his motion

2

for relief from judgment in state court, raising the same issues he raised on appeal. (ECF No. 1, PageID.25; ECF No. 3-1, PageID.75.) By this time, his claims were supported by affidavits from the family members who spoke with Petitioner's trial attorney regarding Petitioner's plea. (*See* Affidavits, ECF No. 1-1, PageID.48-59.) They all confirmed that Petitioner's attorney told them that Petitioner's maximum sentence would be 20 years if he accepted the plea offer. (*Id.*)

The trial court denied the motion for relief from judgment on January 6, 2012. Petitioner applied for leave to appeal that decision in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on September 24, 2013, and February 28, 2014, respectively.

On February 9, 2015, through the assistance of retained counsel, Petitioner obtained an affidavit from his trial attorney describing the circumstances of his plea. Among other things, Petitioner's trial attorney acknowledged that he told Petitioner that accepting the plea offer "could carry a prison sentence of 20 to 40 years." (Scharg Aff., ECF No. 1-1, PageID.36.) He also offered his opinion that Petitioner "was not given adequate time to consider the pros and cons of the prosecutor's plea offer" and that Petitioner's demeanor on the day of the plea agreement indicated that Petitioner "felt pressured" into accepting the agreement. (*Id.* at PageID.37.) Petitioner claims that he also obtained unidentified evidence from a defense expert that would have disproven the state's theory of intent and the findings of the state's expert witness. (ECF No. 1-1, PageID.27.)

On April 16, 2016, Petitioner filed another motion for relief from judgment in state court, claiming that he was in possession of newly discovered evidence to support a claim of ineffective assistance of counsel. (Pet., ECF No. 1, PageID.5.) The trial court entered an order rejecting the motion on July 26, 2016. According to the court record on the Michigan Court of

3

Appeals' website, Petitioner filed a motion for peremptory reversal with the Michigan Court of Appeals on January 19, 2017. The court of appeals denied that motion on March 8, 2017, because an appeal may not be taken from the denial or rejection of a successive motion for relief from judgment. Petitioner sought leave to appeal that decision to the Michigan Supreme Court, which denied leave on April 3, 2018.

Petitioner filed his habeas corpus petition with this Court on April 11, 2018. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on April 11, 2018. (Pet., ECF No. 1, PageID.14.) The petition was received by the Court on April 16, 2018. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

In his petition, Petitioner contends that the trial court erred in denying Petitioner's motion to withdraw the plea, and erred in sentencing because Petitioner never pled to being a habitual offender and because the court mis-scored the sentencing guidelines.

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on August 6, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period

5

expired on Wednesday, November 4, 2009.  Obviously, Petitioner filed his habeas petition more than one year after the period of limitations in § 2254(d)(1)(A) began to run.

None of the other dates in § 2254(d)(1) apply to Petitioner.  He does not contend that there was a state-created impediment to filing his petition, or that his claim is based on a right recently recognized by the Supreme Court.  Nor does he contend that his claim is based on a factual predicate that could not have been discovered until recently.  Indeed, he was aware of the factual predicate for his challenge to the errors in his sentence and for his challenge to the voluntary nature of his plea the moment that the state court issued its sentence.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Petitioner asserts that he filed a motion for relief from judgment on December 11, 2011.  That motion did not toll the statute of limitations because the limitations period had already expired on November 4, 2010, one year after his judgment of conviction became final.  The statutory tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period expired, collateral motions could no longer serve to avoid the statute of limitations.  *Id.*  Accordingly, Petitioner is not entitled to statutory tolling of the limitations period.

The limitations period is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to

equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).

A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant equitable tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner has filed a motion arguing that he is entitled to equitable tolling. (ECF No. 2.) He acknowledges that he did not meet the statutory deadline for filing his habeas petition, but he points to the fact that the Michigan Court of Appeals issued an order denying leave to appeal the decision on his first motion for relief from judgment in September 2013, and he believes that he had until December 2014 to file his petition. He contends that "[t]hrough due diligence and after further investigation" he retained counsel and was able to obtain an affidavit from his trial counsel in February 2015. (ECF No. 2, PageID.64.) He apparently believes that his

second motion for relief from judgment, which he filed in April 2016, was necessary to exhaust his claim.

Petitioner has not demonstrated diligence in pursuing his rights. He does not explain why he waited to obtain an affidavit from his trial counsel before filing his habeas petition. He did not need to do so. As indicated above, he was aware of the difference between his counsel's advice and the sentence he received as soon as the court issued that sentence. Just as he did not need an affidavit from his trial counsel to challenge his plea on appeal and in his first motion for relief from judgment, he did not need such an affidavit to challenge his plea in a habeas petition before this Court.

Moreover, even if he believed that he needed more evidence before bringing a habeas petition, there are several periods of unexplained delay in the pursuit of his claims. He does not explain why he waited more than a year from the time that his judgment became final to file his first motion for relief from judgment. After that motion was not successful, he contends that he retained counsel to proceed further, and that his trial attorney repeatedly delayed providing an affidavit to him, but Petitioner does not explain why he waited more than a year after he obtained that affidavit to file his second motion for relief from judgment. In short, the record before the Court indicates that Petitioner did not pursue his rights diligently.

Moreover, Petitioner has not identified any extraordinary circumstances stood in his way of filing a timely petition. He apparently wanted to obtain more evidence before filing his petition, but his lack of such evidence did not prevent him from filing one. Accordingly, he is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v.*

*Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent, or offer evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Consequently, he is not excused from the statute of limitations in 28 U.S.C. § 2244(d). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

III.   Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing

9

of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that the motion for equitable tolling be denied and that the habeas corpus petition be dismissed because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated:   May 10, 2018                                                /s/ Ellen S. Carmody
                                                                             Ellen S. Carmody
                                                                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).