UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARENZA DOUGLAS HUBBARD,

    Petitioner,

v.

    Case No. 1:18-cv-423

    HON. JANET T. NEFF

GREG SKIPPER,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner accompanied his petition with a "Motion for Equitable Tolling" (ECF No. 2). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the motion; deny the petition as time-barred by the one-year statute of limitations, 28 U.S.C. § 2244(d); and deny a certificate of appealability (COA). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 6). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

The Magistrate Judge properly determined that Petitioner's petition, which was filed more than eight years beyond the limitations period, was filed late (R&R, ECF No. 5 at PageID.94). A petitioner is entitled to equitable tolling of the limitations period only if he shows "(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Petitioner argued that he was entitled to equitable tolling because of allegedly ineffective assistance rendered by the attorney he retained in 2015, specifically, counsel's "extensive delay in obtaining an affidavit from Trial Counsel" (ECF No. 3 at PageID.70). However, the Magistrate Judge determined that the record "indicates that Petitioner did not pursue his rights diligently" and that "Petitioner has not identified any extraordinary circumstances stood in his way of filing a timely petition" (R&R, ECF No. 5 at PageID.96). The Magistrate Judge pointed out that Petitioner "apparently wanted to obtain more evidence before filing his petition, but his lack of such evidence did not prevent him from filing one" (*id.*).

In his objections to the Report and Recommendation, Petitioner argues that the Magistrate Judge's tolling analysis is "contrary to *Holland*" (Objs., ECF No. 6 at PageID.100). However, Petitioner identifies no factual or legal error in the Magistrate Judge's analysis. Rather, Petitioner merely reiterates that "the 'extraordinary circumstance' that stood in the Petitioner['s] way was a continuous attempt to obtain an affidavit from defense counsel, who continuously delayed the petitioner" (*id.* at PageID.102-103). Therefore, the Court will adopt the Report and Recommendation as the Opinion of the Court and deny the habeas petition for the reasons stated by the Magistrate Judge.

Turning to Petitioner's request for a Certificate of Appealability (Objs., ECF No. 6 at PageID.103-104), "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* Petitioner cannot satisfy the procedural prong of the *Slack* test. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. A certificate of appealability will therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 6) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 5) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Equitable Tolling (ECF No. 2) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue presented.

Dated: December 14, 2018　　　　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge